UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**ANDREW KAMPURIES**,
Plaintiff,

v. Civil Action No. _____

**LYFT, INC.**,
Defendant.

DEC 18 2025 PM 1:49
FILED-USDC-CT-HARTFORD

## COMPLAINT

Plaintiff Andrew Kampuries ("Plaintiff"), proceeding pro se, for his Complaint against Defendant Lyft, Inc. ("Lyft" or "Defendant"), alleges as follows:

### I. PARTIES

1. Plaintiff Andrew Kampuries is a resident of Windsor Locks, Connecticut.

2. Defendant Lyft, Inc. is a corporation with its principal place of business in San Francisco, California, and conducts substantial business in the State of Connecticut, including operations at Bradley International Airport.

### II. JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. This Court has personal jurisdiction over Defendant because Lyft conducts continuous and systematic business within Connecticut and the claims arise from Lyft's conduct in this District.

5. Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred within the District of Connecticut, including at Bradley International Airport.

### III. BACKGROUND FACTS

6. Plaintiff has worked as a Lyft driver for approximately eight years and has completed more than 3,000 rides on the Lyft platform.

7. A significant portion of Plaintiff's driving activity occurred at Bradley International Airport, where Lyft maintained an airport queue system governing driver access to passenger pickups.

8. For years, Lyft promoted and operated the airport queue under defined rules, including incentive structures and bonus compensation tied to airport pickups.

9. Plaintiff relied on these established practices in continuing to provide driving services, incurring vehicle expenses, insurance costs, and long-term financial commitments based on anticipated earnings.

10. Over time, Lyft unilaterally changed the airport queue rules and compensation structure, including the reduction or elimination of bonuses and changes to how rides and pay were allocated.

11. These changes occurred without meaningful transparency regarding queue position, driver status, or compensation calculations.

12. Plaintiff observed that long-time airport drivers were disadvantaged compared to newer drivers and other transportation providers, despite Plaintiff's extensive service history.

13. As a result of these changes, Plaintiff experienced reduced earnings, diminished access to airport pickups, and increased financial strain.

14. Plaintiff continues to face uncertainty regarding compensation and queue placement, despite years of service and reliance on Lyft's prior representations and practices.

### IV.  CAUSE OF ACTION

**Breach of the Implied Covenant of Good Faith and Fair Dealing**

15. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

16. Under Connecticut law, every contract and contractual relationship includes an implied covenant of good faith and fair dealing, requiring that neither party act in a manner that unfairly frustrates the other party's right to receive the benefits of the agreement.

17. Lyft entered into an ongoing contractual relationship with Plaintiff through its driver platform, policies, and operational rules governing airport queue participation and compensation.

18. Plaintiff performed his obligations under this relationship by providing driving services in accordance with Lyft's rules and requirements.

19. Lyft's unilateral and opaque changes to airport queue rules and compensation, after years of established practice, unfairly frustrated Plaintiff's justified expectations arising from that relationship.

20. Such conduct constitutes a breach of the implied covenant of good faith and fair dealing as recognized under Connecticut law, including *Warner v. Konover, 210 Conn. 150, 154–55 (1989)*.

21. As a direct and proximate result of Lyft's conduct, Plaintiff suffered economic harm and ongoing loss of income.

## V. DAMAGES

22. Plaintiff has suffered financial losses, including reduced earnings and lost economic opportunity, as a result of Defendant's actions.

23. Plaintiff continues to suffer ongoing harm due to the continued application of the altered airport queue and compensation rules.

## VI. PRAYER FOR RELIEF

24. **WHEREFORE**, Plaintiff respectfully requests that the Court:

    a. declare that Defendant's conduct breached the implied covenant of good faith and fair dealing;

    b. enjoin Defendant from continuing unfair and non-transparent airport queue and compensation practices as applied to Plaintiff;

    c. award Plaintiff compensatory damages in an amount to be determined at trial;

    d. award costs of this action; and

    e. grant such other and further relief as the Court deems just and proper.

## VII. JURY DEMAND

25. Plaintiff demands a trial by jury on all issues so triable.

26. Respectfully submitted.

**Andrew Kampuries**

*/s/ Andrew J. Kampuries/*

3 Palm Drive
Windsor Locks, Connecticut 06096
Plaintiff, Pro Se

Dated: _____

State of CT ........ County of HARTFORD
The foregoing instrument was acknowledged before me this 17th day of DECEMBER, 2025 by ANDREW KAMPURIES
Kathleen B. Dupuis, Notary Public
My Commission Expires 7-31-2027

